# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2022

Lyle W. Cayce
Clerk

No. 21-50819
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL TORRES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1380-2

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Michael Torres, federal prisoner # 48809-280, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He argues that the district court abused its discretion by relying upon the analysis of the 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50819

U.S.C. § 3553(a) factors that it had conducted at his original resentencing rather than reevaluating those factors; he asserts in support that the district court failed to consider that he would no longer be subject to a mandatory minimum sentence of 20 years in prison if he were sentenced today.

The district court sufficiently considered the Torres's argument regarding the non-retroactive changes to mandatory minimum sentences for drug offenses and considered the applicability of the § 3553(a) factors before finding that relief was not warranted. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others."). Torres's disagreement with the district court's § 3553(a) analysis is not a sufficient ground for reversal. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because the § 3553(a) analysis supports the denial, we need not consider Torres's arguments that the district court abused its discretion by determining that he failed to show extraordinary and compelling reasons to grant relief. *See id.* at 693-94.

As Torres fails to identify a nonfrivolous argument for appeal, we DENY his motion for leave to proceed IFP, and we DISMISS his appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. His motion for the appointment of counsel is DENIED.